UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AQUAVIT PHARMACEUTICALS, INC., | CASE NO. 1:19-cv-03351 (VEC) |
| Plaintiff, | **ORDER TO SHOW CAUSE TO FIND DEFENDANTS IN CONTEMPT** |
| v. | |
| U-BIO MED, INC., GLOBAL MEDI PRODUCTS, and NYUN SHI EUM aka NYEON-SIK EUM | |
| Defendants. | |

Upon the Temporary Restraining Order entered on April 15, 2019 [DE 3], and the Preliminary Injunction Order entered on April 29, 2019 [DE 19], the moving Declaration of Christina H. Bost Seaton with attached exhibits, and the Memorandum of Law In Support of Plaintiff's Order to Show Cause to Find Defendants in Contempt, it is hereby:

ORDERED, that the above named Defendants show cause before this Court, at Room 443, United States Courthouse, 40 Foley Square, in the City, County and State of New York, on _____, 2019, at _____ o'clock in the a.m./p.m. thereof, or as soon thereafter as counsel may be heard, why an order should not be entered:

1. Holding Defendants in contempt for the their violations of this Court's Temporary Restraining Order ("TRO") entered on April 15, 2019, and the Preliminary Injunction Order ("PI Order") entered on April 29, 2019 (the "Court's Orders"), including:

   a. Violating Section II.A.1. of the TRO and Section 1.A. of the PI Order, both of which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering

1

for sale, selling and/or otherwise dealing in Counterfeit Products (as defined in the Court's Orders), or any other products bearing Plaintiff's Marks (as defined in the Court's Orders) and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of Plaintiff's Mark;

b. Violating Section II.A.3. of the TRO and Section 1.J. of the PI Order, both of which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets (as defined in the Court's Orders) or Defendants' Financial Accounts (as defined in the Court's Orders) until further ordered by this Court;

c. Violating Section II.A.6. of the TRO and Section 1.O. of the PI Order, both of which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in Section II of the TRO and Section 1 of the PI Order;

d. Violating Section II.A.7. of the TRO, as incorporated by Section 1 of the PI Order, both of which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from communicating, directly or indirectly, with Plaintiff's customers, distributors and/or business partners;

e. Violating Section IX.A of the TRO and Section 3.A. of the PI Order, both of which required Defendants, within 14 days of notice of the respective Orders, to serve upon Plaintiff's counsel a written report under oath providing: (1) their true name and physical address; (2)

the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all Storefronts (as defined in the Court's Orders) on any Third Party Service Provider (as defined in the Court's Orders) platform that Defendants own and/or operate; (3) the complete sales records for any and all sales of Counterfeit Products (as defined in the Court's Orders), including number of units sold, the price per unit, total gross revenues received (in U.S. dollars), and the dates thereof; (4) the account details for any and all of Defendants' Financial Accounts, including the account numbers and current account balances; and (5) the steps taken by each Defendant, or other person served, to comply with Section II of the TRO and Section 1 of the PI Order.

f. Violating Section 1.B. of the PI Order, which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from using any of Plaintiff's Marks or other rights (whether now in existence or hereafter created) including, without limitation, Plaintiff's Marks, or any other marks that are confusingly or substantially similar to Plaintiff's Marks, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

g. Violating Section 1.C. of the PI Order, which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing Plaintiff's Marks and/or marks that are

3

confusingly similar to, identical to and constitute a counterfeiting and/or infringement of Plaintiff's Marks;

h. Violating Section 1.D. of the PI Order, which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with Plaintiff;

i. Violating Section 1.E. of the PI Order, which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from using in commerce any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered trademarks (AQUAGOLD and MICROCHANNEL TECHNOLOGY) in connection with the sale, offering for sale, distribution, or advertising of any goods or services;

j. Violating Section 1.F. of the PI Order, which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from reproducing, counterfeiting, copying, or colorably imitating Plaintiff's registered trademarks (AQUAGOLD and MICROCHANNEL TECHNOLOGY) and applying such reproductions, counterfeits, copies, or colorable

4

imitations to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services;

k. Violating Section 1.G. of the PI Order, which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from using in commerce, on or in connection with any goods or services, or any container for goods, any of Plaintiff's Marks, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, concerning Plaintiff or Plaintiff's Authentic AQUAGOLD Device, and any commercial advertising or promotion misrepresenting the nature, characteristics, qualities, or geographic origin of Plaintiff's or Defendants' goods or services;

l. Violating Section 1.H. of the PI Order, which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in any Counterfeit Products, or applying to, or accompanying, any of Defendants' goods or services with packaging, advertising, instructional, or other materials bearing Plaintiff's Marks, Plaintiff's FDA registration numbers, and/or Plaintiff's product codes (including AQT-001 and other AQT codes); and

m. Violating Section 1.L. of the PI Order, which prohibit Defendants, their respective officers, employees, agents, servants, and attorneys, and all persons in active concert or participation with any of them from effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, account, Storefront, or any

5

other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any preliminary injunction ordered by the Court in this Action;

2. Requiring Defendants and their parents, affiliates, subsidiaries, officers, agents, servants and employees, and all persons acting in concert with them, to deliver to Plaintiff or destroy, within five business days of the date of this Order, any and all signs, labels, packaging materials, advertising materials, and other materials used in connection with Defendants' products that include any of Plaintiff's Marks, Plaintiff's FDA registration numbers, and/or Plaintiff's product codes (including any "AQT" codes);

3. Imposing monetary sanctions on Defendants for their contemptuous conduct; and

4. Granting Plaintiff reasonable counsel fees and costs for having to bring this contempt action to enforce its rights under the Court's Orders; and it is further

ORDERED that service of this Order, together with copies of the papers in support thereof, shall be made by filing and serving a copy on Defendants' counsel via ECF; and, it is further

ORDERED that answering papers, if any, be filed with this Court and served on Plaintiff's counsel by ECF, on or before _____, 2019 at _____ o'clock in the a.m./p.m. thereof; and it is further

ORDERED that reply papers, if any, be filed and served on Defendants' counsel by ECF, on or before _____, 2019 at _____ o'clock in the a.m./p.m. thereof.

DATED: _____

                                                _____
                                                      Valerie E. Caproni, USDJ