USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  09/02/2020

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**MEMO ENDORSED**

|  |  |
|---|---|
| AQUAVIT PHARMACEUTICALS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. l:19-cv-3351-VEC-RWL |
| v. ) | |
| ) | |
| U-BIO MED, INC. ) | |
| GLOBAL MEDI PRODUCTS, and ) | |
| NYUN SHI EUM aka NYEON-SIK EUM, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| U-BIO MED, INC. ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AQUAVIT PHARMACEUTICALS, INC. ) | |
| ) | |
| Counterclaim Defendant. ) | |
| ) | |

**DEFENDANTS' MOTION**
**TO MODIFY THE COURT'S AUGUST 11, 2020, ORDER [DE 180]**

Thomas J. Vetter (TV 0364)
LUCAS & MERCANTI, LLP
30 Broad Street
New York, NY   10004
Email:  tvetter@lmiplaw.com
Tel.:  (212) 661-8000

*Attorneys for U-Bio Med, Inc. and*
*Nyeon-Sik Eum*

Dated:      August 31, 2020

{00469758 }

Defendants move to modify the Court's August 11, 2020 Order [DE 180] in two respects. First, Defendants seek to limit the scope of the Order to exclude conduct that was not and still is not in violation of the Modified Preliminary Injunction [DE 65] ("MPI").  Second, Defendants ask that the deadline for compliance be reset from August 21 to September 4, 2020.

The reason for this motion is that Defendants' counsel was not aware of the Order until August 26, after the deadline for seeking reconsideration and after the deadline for complying with the Order had passed.

**BACKGROUND**

On August 11, 2020, the Court issued an Order [DE 180] after the parties had each filed a report on the status of compliance with the MPI.  The Defendants filed their status report on June 3, 2020 [DE 175].  Plaintiff filed responses on June 12, June 16, and June 26, 2020 [DE 176, 177, and 178].  The Court did not request from Defendants any response to the allegations in Plaintiff's filings.  Plaintiff's filings are loaded with self-serving, subjective, and often erroneous interpretations of the facts.

Defendants' counsel resides in Westchester County, New York, where he has been working from home during the last several months on account of the Covid-19 pandemic. Declaration of Thomas J. Vetter in Support of Defendants' Motion to Modify the Court's August 11, 2020, Order ("Vetter Decl.") ¶ 3.

On August 4, 2020, Tropical Storm Isaias moved through Westchester County with heavy rain and high winds.  As a consequence of the storm, the house of Defendants' counsel lost power (supplied by ConEd), lost internet services (supplied by Optimum Online), suffered the loss of several large trees that were toppled or failed in other ways, and that left a substantial amount of debris.  Vetter Decl. ¶ 4.

Electrical power was restored the next day, but internet service was not restored for six and one-half days.  A large oak tree (28-inch diameter trunk) failed with its upper trunk and branches breaking off and falling, but in places and in ways that put the house of Defendants' counsel in danger.  These issues and their aftermath caused Defendants' counsel to be distracted and to miss the Court's August 11, 2020, Order.  Vetter Decl. ¶ 5.  Defendants' counsel did not become aware of the Court's Order until August 26, 2020, after Plaintiff filed its Motion for an Order to Show Cause [DE185].  *Id.*

During that time, Defendants' counsel was the only person receiving the Court's electronic messages, but steps have now been taken to ensure that the Court's electronic messages will be received by others in addition to Defendants' counsel so that this will not happen again.

**GRANTING THE REQUESTED RELIEF**
**WOULD SERVE THE INTERESTS OF JUSTICE**

This is not a situation where Defendants purposefully disobeyed the Court's Order.  It was impossible for them to comply within the deadline because they were not aware of the Order.

The Court should not consider any need for coercive sanctions until after Defendants have had an opportunity to address the compliance issues identified in the Court's Order. Defendants will address the issues identified and will provide a full supplemental report on what Defendants did to address those issues.

**THE COURT HAS THE AUTHORITY**
**TO GRANT THE RELIEF REQUESTED**

A district court has the inherent authority to reconsider and modify its interlocutory orders.  *Estate of Mantle v. Rothgeb*, 537 F.Supp.2d 533, 536 (S.D.N.Y. 2008); *Gordon and*

*Breach Science Publishers S.A. v. American Institute of Physics*, 905 F.Supp. 169, 177 (S.D.N.Y. 1995).

A court may extend a deadline on motion made after the time has expired if the party failed to act because of excusable neglect.  Fed.R.Civ.P. 6(b)(1)(B).  That Rule provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 387 (1993), the Supreme Court addressed the meaning of "excusable neglect" in the context of Bankruptcy Rule 9006(b) that used language substantively identical to that of Fed.R.Civ.P. 6(b)(1)(B).  The Bankruptcy Rule provided that "when an act is required or allowed to be done at or within a specified period … the court for cause shown may at any time in its discretion … (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  In fact, the Bankruptcy Rule was patterned after Fed.R.Civ.P. 6(b).  507 U.S. at 391.

The *Pioneer* Court held that an attorney's inadvertent failure to file a claim by a bar date can constitute "excusable neglect" within the meaning of that Rule.  507 U.S. at 387.  The Court noted that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Id*.  The Second Circuit has held that the *Pioneer* Court's holding regarding "excusable neglect" extends beyond the Bankruptcy Rules such that it applies to the other Federal Rules, as well.  *See, e.g.*, *United States v. Hooper,* 9 F.3d 257, 259 (2d Cir.1993) (applied *Pioneer* to extensions of time to file notices of appeal under Fed. R. App.

P. 4(b), noting that *Pioneer* draws upon the use of "excusable neglect" in other federal rules, and that "nothing ... limits its interpretation ... to the Bankruptcy Rules").

The determination of whether an instance of neglect is excusable "is, at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* In particular, the circumstances include the danger of prejudice to the other party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Here, there is little danger of prejudice to Plaintiff because the relief ordered by the Court will be addressed by Defendants within the new deadline that is only a matter of days away. A delay of 14 days will have no effect on these judicial proceedings. The reason for the delay stemmed from special circumstances from outside the control of Defendants. And Defendants have not acted in bad faith or intentionally failed to abide by the Court's Order.

**CONCLUSION**

For the foregoing reasons, the Court's August 11, 2020, Order should be modified by resetting the date by when Defendants' must address issues of noncompliance identified in the Order.

Respectfully submitted,

Dated:     August 31, 2020

/s/ Thomas J. Vetter
Thomas J. Vetter (TV 0364)
LUCAS & MERCANTI, LLP
30 Broad Street
New York, NY   10004
Email:  tvetter@lmiplaw.com
Tel.:  (212) 661-8000

*Attorneys for U-Bio Med, Inc. and Nyeon-Sik Eum*

On August 11, 2020, this Court ordered compensatory damages and referred the determination of the exact amount to Magistrate Judge Lehrburger for a report and recommendation (R&R). This Court further ordered Defendants to remove the examples of non-compliance with the Modified Preliminary Injunction as listed in Plaintiff's reports, Dkts. 176-178, no later than **August 21, 2020**. Defendant failed to comply with this order. Five days after the deadline, the Plaintiff moved for an order to show cause why coercive sanctions should not be levied against Defendants. This Court referred the motion for coercive sanctions to Magistrate Judge Lehrburger, to be addressed in the same R&R as the determination of the compensatory damages.

Five days after the Plaintiff's motion, a total of 10 days after the initial deadline of August 21, 2020, Defendants filed a motion to modify the Court's August 11, 2020 Order. The Defendants first request that the scope of the August 11, 2020 order exclude certain conduct. Defendants have already had the opportunity to make such arguments before this Court. Plaintiff filed three lengthy status reports, Dkts. 176-178. Though Defendants now claim the filings include "erroneous interpretations of the facts," the Defendants did not seek leave to reply to these submissions.

Defendants also request that the August 11, 2020 Order be modified to reset the deadline for compliance from August 21, 2020 to September 4, 2020. Defendants make this request several days after Defendants' counsel became aware that he had missed the August 21, 2020 deadline. While the Court sympathizes with the situation facing Defendants' counsel following Tropical Storm Isaias, that has no impact on the fact that the Defendants' remain out of compliance with the Modified Preliminary Injunction. The Court reminds the Defendants that they are required to take the relatively non-onerous steps of discontinuing usage of certain videos, adding disclaimers to Defendants' YouTube Channels and videos, and removing suggestions of Defendants' ownership of U.S. patents or other U.S.-based intellectual property rights as to AQUAGOLD. Whether the Defendants were justified in delaying their compliance because of Tropical Storm Isaias or any other reason and whether they come into full compliance by September 4, 2020, should be considered by Magistrate Judge Lehrburger as part of the proceedings on the motion for coercive sanctions. (After all, if Defendants finally and fully comply with the MPI, there will be no need for coercive sanctions.)

Therefore, Defendants' motion to modify the Court's August 11, 2020 Order is hereby DENIED.

SO ORDERED.                                    Date: 09/02/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE