

Nevrivy Patent Law Group P.L.L.C.  |  1000 Potomac St., NW, Suite 200  |  Washington, D.C. 20007
Phone: 202-650-6909  |  Fax: 202-965-1729  |  www.nevrivylaw.com

December 18, 2020

**PLAINTIFF'S LETTER IN OPPOSITION TO DEFENDANTS' MOTION REQUESTING CONFERENCE TO ADDRESS PLAINTIFF'S DISCOVERY FAILURES**

*Via ECF*

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        Re:    Aquavit Pharmaceuticals, Inc. v. U-Bio Med, *et al.*, No. 19-CV-3351-VEC-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

      On December 15, 2020, Defendants' filed a letter motion requesting a conference with the Court to address alleged discovery failures of Plaintiff.  *See* Dkt. 205.  Plaintiff opposes Defendants' letter motion.

      In the Parties' first meet and confer telephone conference held on November 11, 2020, it became clear that Defendants were not acting in good faith by delaying and holding hostage overdue sanctions discovery by demanding that it be produced in conjunction with certain discovery it was seeking from Plaintiff in the broader litigation, even though the deadlines for producing the sanctions-related discovery had long passed and the Parties had already met and conferred and the Court ruled on those discovery issues.  In the Parties' joint status letter of December 2, 2020, Defendants proposed that "the discovery on contempt be scheduled to run concurrently with the long-delayed discovery on the merits of the case, including the merits of the preliminary injunction itself." *See* Dkt. 202.  In the Court's Order of December 7, 2020, the Court denied Defendants' after-the-fact proposal. *See* Dkt. 203.

      In fact, Defendants could have sought to meet and confer with Plaintiff a long time ago yet waited more than one year after serving their initial discovery requests.  Instead of trying to defend their case and prosecute their counterclaims, Defendants did nothing but go about their normal business, *viz.*, using the goodwill and brand recognition of the AQUAGOLD brand created by Plaintiff and profiting off of it while damaging the Plaintiff and violating the modified preliminary injunction.

      Defendants state that Plaintiff has not provided more than a token document production comprising a disorganized collection of unrelated documents, none with metadata, that does not comply with Defendants' focused requests.  Plaintiff respectfully

disagrees and asserts that its document production provides evidence relevant to the Parties' claims and defenses.

Defendants also did not request the discovery they are looking for now in accordance with the plan adopted by the Court for contempt and sanctions proceedings, even though they had an opportunity to do so. *See* Dkt. 195. Instead, Defendants only requested information about attorney fees and Plaintiff's knowledge of their now deleted aquagoldubio Instagram account (and the tappytoktok Instagram account) for purposes of contempt and sanctions discovery.

Plaintiff respectfully submits that Defendants' motion seeking a conference regarding discovery in the broader litigation is premature and should be denied. As indicated in the Parties' joint status letter of December 2, 2020, Plaintiff is finalizing its response to Defendants' recent discovery letter and is finalizing a letter to Defendants to request production based on discovery requests made by Plaintiff in 2020. *See* Dkt. 202.

Plaintiff proposes that the Parties continue with meet and confer while discussing a schedule for any remaining merits discovery as directed by the Court in its Order of December 7, 2020. *See* Dkt. 203.

If the Parties are not able to resolve the discovery issues, Plaintiff is willing to engage with Defendants in a conference with the Court, but would prefer that this take place after the deadline for Plaintiff's opening sanctions papers, scheduled for January 11, 2020, in view of the significant volume and importance of the upcoming work.

               Respectfully submitted,

               Daniel J. Nevrivy

cc:  Thomas J. Vetter (via ECF)