UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AQUAVIT PHARMACEUTICALS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> U-BIO MED, INC., <br> GLOBAL MEDI PRODUCTS, and <br> NYUN SHI EUM aka NYEON-SIK EUM <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> )    No. 1:19-cv-03351-VEC-RWL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**[PROPOSED] AMENDED CASE MANAGEMENT PLAN
AND REVISED DISCOVERY SCHEDULE**

Plaintiff Aquavit Pharmaceuticals, Inc. ("Aquavit") and Defendants U-Bio Med, Inc. ("UBM") and Nyun Shi Eum ("Eum") (collectively, "Defendants") jointly submit this [Proposed] Amended Case Management Plan and Revised Discovery Schedule. This submission also serves as the Parties' joint status report pursuant to the original Case Management Plan [DE 130].

**I. Meet and Confer**

1. Plaintiff and Defendants have met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) for purposes on this submission.

2. Plaintiff and Defendants have also met and conferred regarding merits discovery and have resolved nearly all of the outstanding issues. The Parties would like to continue talking

{00533869 }            1

and will advise the Court January 25, 2021 on whether they think a conference with the Court is necessary in order to resolve the few remaining merits discovery issues.

## II. Alternative Dispute Resolution / Settlement

1. Settlement discussions have not taken place.

2. Plaintiff:  Plaintiff does not wish to engage in settlement discussions at this time. Plaintiff will review any reasonable settlement offers presented by the Defendants. Defendants have not presented any settlement offers.  Plaintiff needs to review and analyze additional discovery from Defendants in order to better understand and assess Defendants' claims and Plaintiff's damages.

3. Defendants:  Defendants remain open to settlement discussions with Plaintiff. Defendants have not presented any settlement offers because Defendants have not received from Plaintiff substantial, meaningful discovery.  Defendants will need to review and analyze the discovery after it is provided by Plaintiff to assess Plaintiff's claims and Defendants' damages in preparing its case and in contemplating any settlement.

4. The Parties agree that the use of any alternative dispute resolution mechanism will not stay or modify any date in this Order.

## III. The Parties' Summary of Their Claims, Defenses, and Relevant Issues:

5. Plaintiff has asserted claims for breach of contract, violation of the Lanham Act, tortious interference with business relations and prospective business relations, defamation, common law unfair competition, and breach of New York General Business Law §§ 349.

6. Defendants have denied Plaintiff's claims and have asserted affirmative defenses that the EWLA agreement is invalid and unenforceable for failure of consideration, because it is unconscionable on its face, and because of fraud in the inducement and unilateral mistake.

Defendants have pending counterclaims for defamation, and in the alternative, for breach of the EWLA should it not be held invalid or unenforceable.

7. Defendants had also moved the Court to dismiss the complaint for lack of personal jurisdiction. That motion was denied.

8. Plaintiff has denied Defendants' counterclaims and has asserted affirmative defenses that the EWLA is valid and enforceable, the EWLA is valid and enforceable and had adequate consideration, the EWLA is valid and enforceable because it is fair, reasonable, and is not procedurally or substantively unconscionable, the EWLA is valid and enforceable because of the arm's length transaction between Plaintiff and Defendants to enter into the EWLA, the EWLA is enforceable because of mutuality, and Defendants' causes of action are barred in whole or in part because by the doctrine of unclean hands.

9. The Court granted a Default Judgment against Defendant Global Medi Products on September 1, 2020.

## IV. The Parties' Asserted Basis of Subject Matter Jurisdiction

10. The parties do not dispute that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1332(a)(2).

## V. Subjects on Which Discovery May Be Needed

11. Plaintiffs' and Defendants' initial disclosures set forth the subjects on which discovery may be needed. In addition, both sides have served discovery requests identifying specific items of information for production. Those productions have not been completed.

## VI. Initial Disclosures

12. Pursuant to the Court's order dated September 11, 2019 (DE 107), the Parties served initial disclosures under Fed. R. Civ. P. 26(a)(1) on September 13, 2019.

## VII. Amended Pleadings

13. Defendants' pleadings have been amended. Further amendments, if any, will depend on what discovery shows.

## VIII. Fact Discovery

14. Pursuant to the Case Management Plan [DE 165] dated May 21, 2020, the deadline for the completion of fact discovery was October 30, 2020.

15. Plaintiff's and Defendants' position is that substantial document production from all Parties remains to take place. For merits discovery, Plaintiff has thus far produced 1010 documents (Bates Numbers 1114-5536) in January and July 2020 to Defendants. Plaintiff produced some additional documents (Bates Numbers 05537-05650) in response to the abbreviated discovery requests by Defendants in the contempt and sanctions proceeding. Defendants produced 1506 pages of documents (Bates Numbers UBM 00001-1505) in July and August 2019. In addition, Defendants produced over 17,000 pages of documents (Bates Numbers UBM 010000-027842) spanning the years 2019 and 2020, in response to Plaintiff's contempt discovery requests ("abbreviated discovery requests").

16. The Parties have agreed to complete their first-round document productions by March 1, 2021.

17. The Parties agree that additional round(s) of written discovery may be necessary after substantial first round document productions have taken place. The Parties agree for purposes of this Case Management Plan that any further written discovery shall be served by March 22, 2021 and be produced by April 7, 2021.

18. The Parties agree for purposes of this Case Management Plan that fact depositions shall be completed by May 7, 2021.

19. The Parties agree and jointly propose at this time that the deadline for the completion of fact discovery should be extended to May 21, 2021.

20. The Parties agree for purposes of this Case Management Plan that requests for admission shall be served by May 28, 2021.

21. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

**IX. Expert Discovery**

22. Plaintiff anticipates using one or more testifying experts.

23. Defendants have not decided whether they will present a testifying expert at trial.

24. Defendants propose that expert discovery shall be completed by July 30, 2021. Plaintiff proposes that expert discovery shall be completed by June 30, 2021.

25. Defendants propose that by July 16, 2021, and Plaintiff proposes that by June 1, 2021, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

**X. Electronic Discovery and Preservation of Documents and Information**

26. The Parties submitted and the Court ordered a Discovery Plan that addresses electronic discovery.

**XI. Anticipated Motions**

27. The Parties may file summary judgment motions and discovery motions as necessary.

**XII. Summary Judgment Motions**

28. No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

29. If pre-motion clearance has been obtained from the District Judge when required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

30. Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

**XIII. Pretrial Submissions**

31. The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

**XIV. Trial**

32. The case is not to be tried to a jury.

33. Plaintiff anticipates that this case will require 3 days of trial. Defendants anticipate that this case will require 3 days of trial.

**XV. Status Conference**

34. The Parties are prepared to discuss any matter relating to this proposed amended schedule at a status conference with the Court.

DATE: _____   SO ORDERED.

_____
ROBERT W. LEHBURGER
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| By: /s/ Daniel J. Nevrivy_____ <br> Daniel J. Nevrivy <br> (admitted pro hac vice) <br> Nevrivy Patent Law Group P.L.L.C. <br> 1000 Potomac Street, NW <br> Suite 200 <br> Washington, D.C. 20007 <br> dnevrivy@nevrivylaw.com <br> 202-650-6905 <br> *Counsel for Plaintiff* | By: /s/ Thomas J. Vetter_____ <br> Thomas J. Vetter (TV 0364) <br> LUCAS & MERCANTI, LLP <br> 30 Broad Street <br> New York, NY 10004 <br> tvetter@lmiplaw.com <br> (212) 661-8000 <br> *Counsel for U-Bio Med, Inc. and Nyeon-Sik Eum* |