# LUCAS & MERCANTI, LLP

**INTELLECTUAL PROPERTY LAW**

*Attorneys*
**Donald C. Lucas**
**Michael N. Mercanti**
**Peter J. Phillips**
**Klaus P. Stoffel**
**Elizabeth Lee D'Amore**
**David J. Galluzzo**
**Steven D. Roth**
**Barry Evans**
**William J. Spatz**
**Alfred W. Froebrich**
**Laurence Manber, Ph.D.**
**Thomas J. Vetter**
**Jonathan E. Myers**
**Lindsay S. Adams**
**Albert B. Chen**
**Jonathan A. Tyler**
**Irving N. Feit**
**Eric S. Strum**
**Jay S. Pattumudi**

**30 BROAD STREET**
**21st FLOOR**
**NEW YORK, NY 10004**

Telephone: 212-661-8000
Facsimile:  212-661-8002
Email: info@lmiplaw.com
www.lmiplaw.com

*Mailer's Information*
**Thomas J. Vetter**
**212-661-8000 ext. 151**
**tvetter@lmiplaw.com**

*Registered Patent Agents*
**Yun H. Choe, Ph.D.**
**Shintaro Yamada**

March 5, 2021

## OPPOSITION TO PLAINTIFF'S LETTER MOTION REQUESTING MODIFICATION OF THE MODIFIED PRELIMINARY INJUNCTION

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Courtroom:  443
United States Courthouse
40 Foley Square
New York, NY   10007

      Re:    Aquavit Pharmaceuticals, Inc. v. U-Bio Med, et al.
             Case No. 19-CV-3351-VEC-RWL

Dear Judge Caproni:

      Defendants U-Bio Med, Inc. ("UBM") and Nyeon-Sik Eum oppose Plaintiff's Letter Motion Requesting Modification of the Modified Preliminary Injunction [DE 238].  The motion should be denied because it is premature and violates the Local Rules of this Court.

      Local Rule 7.1 provides that except for letter-motions permitted by Local Rule 7.1(d), all motions shall include a notice, a memorandum of law, and supporting affidavits and exhibits. Letter-motions permitted by Rule 7.1(d) are "applications for extensions or adjournments, applications for a pre-motion conference, and *similar non-dispositive matters*."  (Emphasis added). Modification of the MPI is a serious dispositive issue that should be addressed through full briefing, not by letter-motion.

The Honorable Valerie E. Caproni
March 5, 2021
Page 2

    Plaintiff's motion is premature on several grounds.

    First, the recent decision of the EUIPO concerning UBM's European Aquagold trademark is not final and is subject to appeal. Appeal proceedings can take several months.

    Second, modifications of the MPI should not be addressed until Defendants have received full fact discovery from Plaintiff. Significantly, the MPI and its extraterritorial reach outside the United States is grounded on false allegations in the Complaint [DE 1] and in Plaintiff's application for the TRO and the subsequent preliminary relief. For example, Plaintiff alleged falsely that Defendants' microneedle devices pose a significant public health risk because they allegedly used components that are not "medical grade," allegedly contained bent, dull or broken needles, were allegedly unsanitary and were allegedly contaminated with dust or hair. Those false allegations were used by Plaintiff to justify extraterritorial jurisdiction by the Court.

    On May 8, 2020, Defendants advised the Court of the importance of discovery into the facts underlying the MPI and asked the Court to halt proceedings on alleged contempt of the MPI "until discovery into Plaintiff's accusations about Defendants' microneedle devices is substantially completed." [DE 169] Defendants' request was denied. [DE 170]

    Afterwards, Plaintiff has continued to focus solely on pursuing enforcement of the MPI while delaying the discovery that had been requested by Defendants in July of 2019, and the delay and avoidance continues.

    After repeated unfulfilled promises to provide the discovery, Defendants wrote a letter to Plaintiff demanding a meet and confer concerning compliance with Defendants' discovery requests. Plaintiff's subsequent delay tactics led Defendants to file a letter-motion addressed to Judge Lehrburger requesting a conference to address Plaintiff's discovery failures and that detailed Plaintiff's delays. [DE 205] Defendants' motion was denied without prejudice, stating that,

> Plaintiff has had more than enough time to respond to Defendants' October 23, 2020 letter and may not put the primary case discovery on a slow track. Although the Court denied Defendants' request to put sanctions and the primary case on the same track (which would have unnecessarily delayed the sanctions issues), that does not mean that Plaintiff may ignore the primary case while attending to the sanctions issues.

[DE 208] But Plaintiff has continued to ignore the primary case while pursuing sanctions.

    On January 22, 2021, the parties submitted a proposed Amended Case Management Plan and Revised Discovery Schedule [DE 221] that was So Ordered on January 25 [DE 222]. It provided that the parties would complete their first-round document productions by March 1, 2021. [DE 222, ¶ 16] On March 1, Defendants produced 20.4 gigabytes, comprising over 60,000 pages, of documents. That was on top of the over 17,000 pages of documents produced

The Honorable Valerie E. Caproni
March 5, 2021
Page 3

for the contempt proceedings.  Plaintiff produced nothing on March 1, stating that more time and more work was needed.

On March 4, 2021, Defendants asked Plaintiff when its production would occur and was advised that Plaintiff "can't commit to a date just yet."

In view of all of the above, Defendants again request that contempt proceedings be stayed pending discovery of the facts that led to the MPI in the first place.  If necessary, Defendants will file a separate motion for this relief.  Defendants believe that Plaintiff is avoiding discovery because of the damning evidence that will come out of it and that Plaintiff is rushing the contempt proceedings to get a ruling before that evidence concerning the validity of the MPI is revealed.  Defendants intend to seek a dissolution of the MPI once the facts come out.

Defendants respectfully ask the Court to both deny Plaintiffs' Letter Motion and to halt any further proceedings on alleged contempt of the MPI until discovery into Plaintiff's accusations about Defendants' microneedle devices is substantially completed.

Respectfully submitted,

*Thomas J. Vetter*

Thomas J. Vetter (tv0364)

cc:  All Counsel of Record (via ECF)