UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AQUAVIT PHARMACEUTICALS, INC., ) | CASE NO. 1:19-cv-03351 (VEC) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| U-BIO MED, INC., ) | |
| GLOBAL MEDI PRODUCTS, and ) | |
| NYUN SHI EUM aka NYEON-SIK EUM ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL TO PLAINTIFF**

King & Wood Mallesons LLP, counsel for Plaintiff Aquavit Pharmaceuticals, Inc., submits this memorandum of law in support of its motion (a) to withdraw as counsel pursuant to Local Civil Rule 1.4 and Rule 1.16 of the New York State Rules of Professional Conduct; and (b) for such other and further relief as the Court deems just and proper.

## ARGUMENTS

**I.     Background**

Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

As set forth in the accompanying Declaration of Aaron T. Wolfson, Esq., dated July 6, 2021 ("Wolfson Decl."), this firm requests to withdraw as counsel from this case for the reason that there exist irreconcilable differences between Plaintiff and this firm that warrant this firm's withdrawal as counsel. Wolfson Decl. ¶¶ 4-11; see also New York State Rules of Professional Conduct 1.16(c)(5) and 1.16(c)(7). Consistent with Rule 1.16(e) of the New York State Rules of Professional Conduct, this firm has given Plaintiff due notice of its intention to withdraw. Wolfson Decl. ¶ 13. This firm is not asserting a retaining or charging lien on this file. Wolfson Decl. ¶ 14; *see also* Local Civil Rule 1.4.

## II.     Irreconcilable Differences with Plaintiff

Under Rule 1.16(c)(7) of the New York State Rules of Professional Conduct, a attorney may withdraw from representation of a client where the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the attorney to carry out employment effectively.  *See also Barros v. National Railroad Passenger Corporation*, No. 18 Civ. 3394 (VSB)(SLC), 2020 WL 6581184, at *4 (S.D.N.Y. 2020) ("Under New York law, good cause for withdrawal exists where there are irreconcilable differences with respect to the proper course to be pursued in the litigation, where the client flatly challenged counsel's loyalty and professional integrity, or where the relationship between plaintiffs and their attorneys has deteriorated to the point where future representation is inappropriate.") (citation omitted); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) ("Satisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." (internal quotation marks omitted); *Munoz v. City of N.Y.*, No. 04 Civ. 1105, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (finding good cause for the plaintiff's counsel's motion to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between [counsel] and the plaintiff").

On May 18, 2021, this Court ordered Plaintiff to submit by June 1, 2021 further billing information and affidavit support in connection with Plaintiff's motion for contempt and application for attorney's fees incurred.  This firm had a significant difference of opinion on how to best approach the Court's Order.  Wolfson Decl. ¶¶ 6-8.  As a result, Plaintiff's other counsel of record Nevrivy Patent Law Group P.L.L.C. ("Nevrivy") had to request a time extension for

submitting the additional supporting documents for the motion for contempt on June 1, 2021. Those documents were eventually filed by Nevrivy on June 3, 2021.  *Id.* ¶ 9.

Further, and since this firm was retained, Plaintiff and this firm have held a divergence of opinion on how to best approach the litigation. We believe these are irreconcilable differences. Wolfson Decl. ¶ 11.  It is clear that Plaintiff fundamentally disagrees with this firm on what needs to be done to effectively litigate Aquavit's claims and defend the counterclaims filed against Aquavit.  Given the foregoing, this firm respectfully requests to be removed as counsel.

**III.     Withdrawal Can Be Accomplished Without A Material Adverse Effect to Plaintiff**

Under Rule 1.16(c)(1) of the New York State Rules of Professional Conduct, an attorney lawyer may withdraw from representation of a client where withdrawal can be accomplished without material adverse effect on the interests of the client.  Further, courts in New York have held that withdrawal of counsel will not substantially disrupt this litigation where discovery is in the early stages.  *See Taub v. Arrayit Corporation*, No. 15 Civ. 1366 (ALC)(JLC), 2016 WL 4146675, at *2 (S.D.N.Y. 2016) (granting motion to withdraw where the "case is not on the verge of trial."); *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245 (S.D.N.Y. 2011), at *2 (allowing withdrawal of counsel on the grounds that the case was "not on the verge of being tried, and any disruption is caused not by defendant's counsel moving to withdraw, but simply by the defendant's failure to communicate with its attorneys.")

Currently, the deadline for completing fact discovery is September 10, 2021, more than two months from the date of this filing.  Wolfson Decl. ¶ 12.  Accordingly, Plaintiff will have sufficient time to proceed with the case as it sees fit.

## **CONCLUSION**

For the foregoing reasons, King & Wood Mallesons LLP respectfully requests that the court grant the Motion in its entirety.

Dated: New York, New York
July 6, 2021

                                                                                                                                                 KING & WOOD MALLESONS LLP

                                                                                   /s/ *Aaron T. Wolfson*

                                                                                 Aaron T. Wolfson
                                                                                 500 Fifth Avenue, 50th Floor
                                                                                 New York, NY 10110
                                                                                 (212) 319-4755
                                                                                 aaron.wolfson@us.kwm.com

                                         *Attorney for Plaintiff Aquavit Pharmaceuticals, Inc.*

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AQUAVIT PHARMACEUTICALS, INC., | ) CASE NO. 1:19-cv-03351 (VEC) |
| Plaintiff, | ) |
| v. | ) |
| U-BIO MED, INC., GLOBAL MEDI PRODUCTS, and NYUN SHI EUM aka NYEON-SIK EUM | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 6, 2021, the foregoing document has been filed and served on Defendants' counsel via the Court's ECF system. Further, a courtesy copy of the foregoing document was sent to Defendants' counsel at tvetter@lmiplaw.com, Plaintiff at sobin.chang@aquavitpharma.com, and Plaintiff's counsel at dnevrivy@nevrivylaw.com.

/s/ *Aaron T. Wolfson*

Aaron T. Wolfson
500 Fifth Avenue, 50th Floor
New York, NY 10110
(212) 319-4755
aaron.wolfson@us.kwm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AQUAVIT PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U-BIO MED, INC.,<br>GLOBAL MEDI PRODUCTS, and<br>NYUN SHI EUM aka NYEON-SIK EUM<br><br>Defendants. | CASE NO. 1:19-cv-03351 (VEC) |

### DECLARATION OF AARON T. WOLFSON
### IN SUPPORT OF THE MOTION TO WITHDRAW

I, Aaron T. Wolfson hereby declare, under penalty of perjury, as follows:

1. I am a member of the firm King & Wood Mallesons LLP ("KWM"), located at 500 Fifth Avenue, 50th Floor, New York, New York 10100, attorneys for Plaintiff Aquavit Pharmaceuticals, Inc. ("Plaintiff" or "Aquavit") in the above-referenced action.

2. I make and submit this declaration in support of the Motion to Withdraw as counsel for Plaintiff.

3. On April 21, 2021, I entered an appearance for Plaintiff in the above-captioned action. (*See* DE 254.)

4. On May 18, 2021, this Court ordered Plaintiff to submit by June 1, 2021 further information in connection with Plaintiff's motion of contempt and application for attorney's fees incurred. (*See* DE 258.) This would require obtaining affidavits from Plaintiff's former counsels.

1

5. KWM and Aquavit had had different opinions on how to approach the Court's Order.

6. On June 1, 2021, Plaintiff's other counsel of record, Nevrivy Patent Law Group, P.L.L.C. ("Nevrivy") requested a time extension for submitting the additional supporting documents for the motion for contempt. Those documents were eventually filed by Nevrivy on June 3, 2021.

7. Additionally, Plaintiff and KWM have had ongoing fundamental disagreements and irreconcilable differences about how to handle the litigation in this matter.

8. Plaintiff will not be prejudiced by KWM's withdrawal. Plaintiff is in the process of conducting fact discovery, which is not due until September 10, 2021.

9. On July 6, 2021, and consistent with Rule 1.16(e) of the New York State Rules of Professional Conduct, I informed Aquavit via email that KWM would be filing a motion to withdraw from representing Aquavit in this matter on July 6, 2021.

10. KWM is not asserting a retaining or charging lien on this file. *See* Local Civil Rule 1.4.

11. Aquavit has not presented an objection to KWM's present request to withdraw.

WHEREFORE the undersigned respectfully requests that this firm's motion (a) to withdraw as counsel pursuant to Local Civil Rule 1.4 and Rule 1.16 of the New York State Rules of Professional Conduct; and (b) for such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
July 6, 2021

/s/ *Aaron T. Wolfson*

Aaron T. Wolfson
500 Fifth Avenue, 50th Floor
New York, NY 10110
(212) 319-4755
aaron.wolfson@us.kwm.com

*Attorney for Plaintiff Aquavit Pharmaceuticals, Inc.*

3