USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/10/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
    AQUAVIT PHARMACEUTICALS, INC.,

                                     Plaintiff,           19-CV-3351 (VEC)

                  -against-                              ORDER

    U-BIO MED, INC., NYUN SHI EUM aka NYON-SIK
    EUM,

                                   Defendants.
------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on April 15, 2019, Aquavit Pharmaceuticals, Inc. ("Plaintiff") filed a complaint against U-Bio Med, Inc. and Nyun Shi Eum (collectively "Defendants"),[1] Dkt. 1;

       WHEREAS both Plaintiff and Defendants claim they have the right to use the trademark AQUAGOLD, as well as other marks, in different countries in connection with a micro-injection device with medical and cosmetic applications, *Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19-CV-3351, 2020 WL 1900502, at *1 (S.D.N.Y. Apr. 17, 2020) ("*Contempt I*");

       WHEREAS on June 21, 2019, the Court entered a modified preliminary injunction ("MPI") prohibiting Defendants from using AQUAGOLD and other marks in the United States, South Korea, and all other countries except for countries in which Defendants have registered their marks, Dkt. 65 at 7–11;

---

[1]    The complaint was also filed against Global Medi Products. *See* Compl., Dkt. 1. Global Medi Products never appeared in this action. On September 1, 2020, the Court entered a default judgment against Global Medi Products. *See* Default Judg., Dkt. 192.

WHEREAS the MPI requires that Defendants include a disclaimer when they sell their Aquagold device in countries in which they own the marks, stating that their products are manufactured by a different company than the company that manufactures the Aquagold device that is sold in the United States and South Korea, *id.* at 10–11;

WHEREAS the MPI prohibits Defendants from associating their products with Plaintiff's American or Korean trademarks or with Plaintiff's product, *id.*;

WHEREAS the MPI also prohibits Defendants from disparaging Plaintiff's devices, *id.*;

WHEREAS the Court has found Defendants in contempt on three different occasions for continued violations of the MPI, *see Contempt I*, 2020 WL 1900502 (adopting in part the Report and Recommendation ("R&R") at Dkt. 152); *Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19-CV-3351, Dkt. 180 (S.D.N.Y. Aug. 11, 2020) ("*Contempt II*"); *Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19-CV-3351, 2021 WL 3862054 (S.D.N.Y. Aug. 30, 2021) ("*Contempt III*") (adopting in part the R&R at Dkt. 272);

WHEREAS the Court referred the determination of the amount of compensatory and coercive sanctions for Defendants' ongoing violations of the MPI and contempt of Court orders to Magistrate Judge Lehrburger for the preparation of R&Rs, Dkts. 180, 181, 186;[2]

WHEREAS on April 11, 2022, Judge Lehrburger entered an R&R, recommending additional findings of contempt and the imposition of additional compensatory and coercive sanctions, Dkt. 343;

---

[2] On April 14, 2022, the Court referred the case to Judge Lehrburger for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions. *See* Order, Dkt. 345.

WHEREAS in the R&R, Judge Lehrburger notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 16;

WHEREAS Judge Lehrburger further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.* at 16–17 (using all capital letters and bold font);

WHEREAS neither party objected to the R&R;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is adopted in full.  For the reasons provided in the R&R:

1. Defendants are found in contempt of the Court's prior order, which required Defendants to pay $265,248.00 in attorneys' fees and $2,614.89 in costs to Plaintiff as compensatory sanctions for Defendants' past violations of the MPI by no later than

September 10, 2021. *See Contempt III*, 2021 WL 3862054, at *6. Defendants not only failed to pay that amount by the deadline, but, as of at least the date of the R&R, they have failed to make any payment at all. *See* R&R at 14–15 n.4 (noting that Defendants have suggested they lack the funds to pay the sanctions already imposed, but they have provided no proof of their inability to pay, nor have they paid any portion of what is owed).

2. Defendants must pay $301,000.00 to the Clerk of Court, by no later than **Friday, June 24, 2022**, as monetary coercive sanctions incurred through November 2, 2021, for failing to cure in a timely manner their omission of a compliant disclaimer on five YouTube videos and for failing to cure the violation involving the defamatory news video. *See id.* at 3–8, 15. Additional monetary coercive sanctions for continued failure to cure the news video violation after November 2, 2021, will continue to accrue as provided by *Contempt III*. *See id.* at 5–8, 15.

3. Defendants must pay additional coercive sanctions to the Clerk of Court, using the same formula as applied in *Contempt III*, until they have (1) paid Plaintiff the compensatory damages awarded in *Contempt III*; and (2) cured the additional violations of the MPI as described in the R&R. *See id.* at 8–12, 16.

4. Defendants must pay additional compensatory sanctions to Plaintiff to compensate Plaintiff for its attorneys' fees and costs incurred in connection with the issues addressed in the R&R and in connection with Defendants' ongoing contempt of the MPI and Court orders. *See id.* at 15, 16.

IT IS FURTHER ORDERED that if Defendants have not cured all violations of the MPI and paid all compensatory and coercive sanctions due (including those imposed in this order) by

4

Friday, June 24, 2022, then, by no later than **Friday, July 15, 2022**, Plaintiff must move before Judge Lehrburger, by way of an order to show cause, for judgment in Plaintiff's favor as a sanction for Defendants' repeated and continued violations of the MPI and Defendants' failure to pay the compensatory and coercive sanctions imposed against it.  In addition to briefing as to why that sanction is appropriate, Plaintiff must include a proposed judgment which details all amounts owed to Plaintiff in compensatory damages, to the Clerk of Court in coercive sanctions, and to Plaintiff in damages for the causes of action alleged in its complaint.  Defendants' response in opposition, if any, is due no later than **Friday, August 5, 2022**, and Plaintiff's reply in support is due no later than **Friday, August 19, 2022**.  In their respective briefings, the parties are welcome to propose other non-monetary sanctions[3] that they believe, pursuant to relevant authority, appropriately address Defendants' lack of compliance with the MPI and ongoing contempt of Court orders.

      IT IS FURTHER ORDERED that, because the R&R gave the parties adequate warning, *see* R&R at 16–17, the failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").  Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. §

---

[3]    The Court concurs with Judge Lehrburger that because "Defendants already have failed to pay the compensatory sanctions awarded to Plaintiff and have not been deterred by earlier imposition of coercive sanctions," the Court "has less confidence that additional monetary sanctions will have the necessary coercive effect."  R&R at 14.

1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.[4]

**SO ORDERED.**

Date:  June 10, 2022
       New York, New York

       **VALERIE CAPRONI**
       **United States District Judge**

---

[4] Although the Court presumes that no Defendant would qualify to proceed *in forma pauperis* for purposes of an appeal, the Court is cognizant that Defendants have contended that they cannot pay any portion of the compensatory or coercive sanctions imposed against them, so a motion to proceed *in forma pauperis* is a theoretic possibility.