```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
                                                    DOC #:_____
UNITED STATES DISTRICT COURT                        DATE FILED: 11/02/2022
SOUTHERN DISTRICT OF NEW YORK
```

------------------------------------------------------------------X
                                                                                         :

AQUAVIT PHARMCEUTICALS,                       :

                          Plaintiff,            :

                                                :           19-CV-3351 (VEC)

                 -against-                            :

                                                :           PERMANENT
U-BIO MED, INC., and NYUN SHI EUM a/k/a   :           INJUNCTION
NYON-SIK EUM,

                                                :

                          Defendants.      :

------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      IT IS HEREBY ORDERED that the operative provisions[1] of the Modified Preliminary Injunction entered against Defendants U-Bio Med, Inc. and Nyun Shi Eum a/k/a Nyeon-Sik Eum on June 21, 2019 (Dkt. 65) are hereby made permanent:

      1.      Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them (regardless of whether located in the United States or abroad), who receive actual notice of this Order, and including, without limitation, any: (1) banks, financial institutions, credit card companies, and payment processing agencies, including PayPal, Inc., Daegu Bank, Ltd., NongHyup Bank, and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants, including companies identified as a result of the expedited discovery ordered in the Court's April 15, 2019 Order ("Financial Institutions"); (2) online platforms and/or companies servicing Defendants' websites at ubiomed.co.kr and tappy.co.kr, including platforms and/or companies identified as a result of the expedited

---

[1] Unless otherwise specified, any defined terms, including "Plaintiff's Marks" and "Counterfeit Products," shall retain the definitions set forth in the original Preliminary Injunction Order. Dkt. 19.

1

discovery ordered herein ("Third Party Service Providers"); and (3) Internet search engines, Web hosts, domain name registrars, and domain name registries and/or their administrators servicing Defendants' websites at ubiomed.co.kr and tappy.co.kr, including Dotname Korea Corp., Korea Network Information Center (KRNIC), and Korea Internet & Security Agency (KISA), and/or serving advertising or online references to Defendants' infringing goods ("Web Operators"), are hereby restrained and enjoined from engaging in any of the following acts or omissions:

    A.    from using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Marks or other rights (whether now in existence or hereafter created) including, without limitation, Plaintiff's Marks, to identify any goods or services not authorized by Plaintiff;

    B.    from using any of Plaintiff's Marks or other rights (whether now in existence or hereafter created) including, without limitation, Plaintiff's Marks, or any other marks that are confusingly or substantially similar to Plaintiff's Marks, on or in connection with Defendants' importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

    C.    from importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing Plaintiff's Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of Plaintiff's Marks;

    D.    from using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed,

displayed, offered for sale, or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with Plaintiff;

E.     from using in commerce any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered trademarks (AQUAGOLD and MICROCHANNEL TECHNOLOGY) in connection with the sale, offering for sale, distribution, or advertising of any goods or services;

F.     from reproducing, counterfeiting, copying, or colorably imitating Plaintiff's registered trademarks (AQUAGOLD and MICROCHANNEL TECHNOLOGY) and applying such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services;

G.     from using in commerce, on or in connection with any goods or services, or any container for goods, any of Plaintiff's Marks, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, concerning Plaintiff or Plaintiff's Authentic AQUAGOLD Device, and any commercial advertising or promotion misrepresenting the nature, characteristics, qualities, or geographic origin of Plaintiff's or Defendants' goods or services;

H.     from importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in any Counterfeit

3

Products, or applying to, or accompanying, any of Defendants' goods or services with packaging, advertising, instructional, or other materials bearing Plaintiff's Marks, Plaintiff's FDA registration numbers, and/or Plaintiff's product codes (including AQT-001 and other AQT codes);

I.     from secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to the Defendants' websites (ubiomed.co.kr and tappy.co.kr), social media pages, or other online points of advertising or sale for Defendants' Counterfeit Products ("Defendants' Storefronts"), Defendants' Assets (as defined below), and the importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products;

J.     from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any money, securities or other property or assets of Defendants (whether said assets are located in the United States or abroad) ("Defendants' Assets") from or to accounts associated with or utilized by any Defendant or any of Defendants' Storefronts (whether said account is located in the United States or abroad) ("Defendants' Financial Accounts");

K.     from providing services to Defendants and Defendants' Storefronts with respect to the Counterfeit Products;

L.     from effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, account, Storefront, or any other means of importation, exportation, advertising, marketing, promotion, distribution, display,

4

offering for sale, and/or sale of Counterfeit Products for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this injunction;

M.      from creating, maintaining, operating, joining, participating in, including providing financial, technical or other support to, the World Wide Web-based illegal marketplace at ubiomed.co.kr and tappy.co.kr, unless and until Defendants discontinue distribution, advertisement, promotion, display, offers to sell, or sales of Defendants' Counterfeit Products and/or Plaintiff's Marks;

N.      from facilitating access to any or all domain names and websites through which Defendants engage in the distribution, advertising, promotion, display, offering to sell, or selling of Defendants' Counterfeit Products and/or Plaintiff's Marks;

O.      from knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in this Section 1.

P.      Notwithstanding any of the foregoing provisions, U-Bio Med, Inc. and Nyun Shi Eum are not enjoined from using in commerce any "Aquagold" marks legally owned by U-Bio Med, Inc. and Nyun Shi Eum, provided that: (1) any use of such mark is restricted to products sold in the commerce of the country or countries in which the relevant mark is registered to U-Bio Med, Inc. and Nyun Shi Eum, (2) any use of such mark must be accompanied by a reasonably visible disclaimer, translated into English, Korean, and the native language of the country in which the mark is used in commerce, indicating that Defendants' "Aquagold" microinjection device is designed and manufactured by a different company than the company that designs and manufactures "Aquagold" devices sold in the United States and Korea and that Defendants' devices may perform differently than "Aquagold" devices sold in the United States and Korea

("Disclaimer"), (3) any use of such mark on a product must include the Disclaimer on both the product packaging and any user instructions, (4) any use of such mark must not be accompanied by any American or Korean national flags or symbols, American or Korean registration or serial numbers, or any other references that associate Defendants' product with Plaintiff's American or Korean trademarks, and (5) the sale or promotion of such products must not be accompanied by any comparison to Plaintiff's devices, including any disparagement of Plaintiff's devices as inferior or counterfeit.

Q.   Notwithstanding paragraphs 1(K), 1(M), and 1(N), Third Party Service Providers and Web Operators are not restrained from servicing or facilitating access to Defendants' Storefronts if the Storefronts do not offer for sale or otherwise promote any products the sale of which would violate the terms of this Injunction.

2.   As sufficient cause has been shown, the asset restraint granted in the April 15, 2019 Order should remain in place on a permanent basis, or until further order of this Court.

3.   As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service of this Order may be made on, and shall be deemed effective as to:

A.   PayPal, Inc., if it is completed by delivery of a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

B.   Daegu Bank, Ltd., if it is completed by delivery of a PDF copy of this Order via (i) Facebook Messenger   at the account located at https://www.facebook.com/DGBdaegubank and (ii) fax to 82 5 3740 6949;

C.   NongHyup Bank, if it is completed by delivery of a PDF copy of this Order via mail to 120, Tongil-ro, Jung-gu, Seoul 04517 Korea;

  D.  Dotname Korea Corp., if it is completed by delivery of a PDF copy of this Order via electronic mail to domain@dotnamekorea.com;

  E.  Korea Network Information Center (KRNIC), if it is completed by delivery of a PDF copy of this Order via mail to 9, Jinheung-gil, Naju-si, Jeollanam-do, Republic of Korea, 58324;

  F.  Korea Internet & Security Agency (KISA), if it is completed by delivery of a PDF copy of this Order via electronic mail to webmaster@kisa.or.kr;

  G.  Google, LLC, if it is completed by delivery of a PDF copy of this Order via (i) fax to 1-650-253-0001 and (ii) mail to 1600 Amphitheatre Parkway, Mountain View, CA 94043;

  H.  Facebook, if it is completed by delivery by mail of a copy of this Order to 1601 Willow Road, Menlo Park, CA 94025;

  I.  Instagram, if it is completed by delivery of a copy of this Order by mail to 1601 Willow Road, Menlo Park, CA 94025;

  J.  YouTube, if it is completed by delivery of a PDF copy of this Order via electronic mail to legal@support.youtube.com;

  3.  Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as a contempt of this Court.

  IT IS FURTHER ORDERED that Plaintiff must serve a copy of this Order on U-Bio Med, Inc. and Nyun Shi Eum by **November 9, 2022,** and file proof of service on the docket by **November 10, 2022.**

  IT IS FURTHER ORDERED that, pursuant to the Amended Order of Reference entered

8

in conjunction with this Order, Plaintiff's request for a modification of the injunction is referred to Magistrate Judge Lehrburger for a Report & Recommendation.

**SO ORDERED.**

**Date: November 2, 2022**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**