```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AQUAVIT PHARMACEUTICALS, INC.,           :
                                         :   19-CV-3351 (VEC) (RWL)
                             Plaintiff,  :
                                         :
              - against -                :   ORDER
                                         :
U-BIO MED, INC., et al.,                 :
                                         :
                             Defendants. :
-------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

The Court held an inquest hearing on January 25, 2023. At the hearing, Aquavit asserted that the License Agreement terminated upon the default of U-Bio Med ("UBM") when it first materially breached, forcing Aquavit to secure an alternative manufacturing source. As pled and reiterated by Aquavit at the inquest hearing, that event occurred in 2015. As a result of that event of default, Aquavit obtained the right to manufacture and produce the microinjection device. (License Agreement § 8.1.) Also as a result of that event of default, the license terminated. (License Agreement § 3.1.) Under the License Agreement's non-competition provision, UBM was restricted from selling the same or similar product for a "restricted period" of two years following termination. (License Agreement § 9.3.) Based on the 2015 default, the non-compete provision would have only been effective through some time in 2017.

In light of the above, by **February 6, 2023**, Aquavit shall submit a brief of no more than 10 pages (1) explaining on what basis, if any, it is entitled to breach of contract damages beyond the restricted period ending some time in 2017; (2) providing a specific, or best approximation of, beginning and end date for the restricted period starting to

1

run from the 2015 default; (3) in the event Aquavit is not entitled to breach of contract damages following the restricted period, indicating what damages model Aquavit proposes for the period following the restricted period and on what substantive basis (e.g., disgorgement of Defendants' profits based on trademark infringement); and (4) setting forth Aquavit's proposed calculation of the same. Aquavit may include supporting affidavits or declarations along with the brief.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 26, 2023
       New York, New York

Copies transmitted this date to all counsel of record.