```
UNITED STATES DISTRICT COURT                           USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                          DOCUMENT
                                                       ELECTRONICALLY FILED
                                                       DOC #:_____
                                                       DATE FILED: 03/21/2023
```

-------------------------------------------------------------- X
AQUAVIT PHARMACEUTICALS, INC.,                  :
                                                :
                            Plaintiff,          :
                                                :           19-CV-3351 (VEC)
            -against-                           :
                                                :           ORDER & JUDGMENT
U-BIO MED, INC., NYUN SHI EUM a/k/a NYON-       :
SIK EUM,                                        :
                                                :
                            Defendants.         :
                                                :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 15, 2019, Aquavit Pharmaceuticals, Inc. ("Plaintiff") filed a complaint against U-Bio Med, Inc. and Nyun Shi Eum (collectively "Defendants"),[1] Dkt. 1;

WHEREAS both Plaintiff and Defendants claim the right to use the trademark AQUAGOLD, as well as other related marks, in connection with a micro-injection device with medical and cosmetic applications, *Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19-CV-3351, 2020 WL 1900502, at *1 (S.D.N.Y. Apr. 17, 2020) ("*Contempt I*");

WHEREAS on June 21, 2019, the Court entered a modified preliminary injunction ("MPI") prohibiting Defendants from using AQUAGOLD and certain other marks in the United States, South Korea, and all other countries except for countries in which Defendants have registered their marks, Dkt. 65 at 7–11;

---

[1] The complaint was also filed against Global Medi Products. *See* Compl., Dkt. 1. Global Medi Products never appeared in this action. On September 1, 2020, the Court entered a default judgment against Global Medi Products, stating that damages would be determined at the end of the case. *See* Default J., Dkt. 192. Because Plaintiff did not seek any relief as to Global Medi, no damages are awarded against it. *See* Report & Recommendation, Dkt. 419 at 3 n.2.

WHEREAS the MPI required Defendants, when selling their Aquagold device in countries in which they own the marks, to include a disclaimer stating that their products are manufactured by a different company than the company that manufactures the Aquagold device that is sold in the United States and South Korea, *id.* at 10–11;

WHEREAS the MPI prohibits Defendants from associating their products with Plaintiff's American or Korean trademarks or with Plaintiff's product, and from disparaging Plaintiff's devices, *id.* at 7–11;

WHEREAS the Court has found Defendants in contempt on four different occasions for continued violations of the MPI, *see Contempt I*, 2020 WL 1900502 (adopting in part the Report and Recommendation ("R&R") at Dkt. 152); *Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19-CV-3351, Dkt. 180 (S.D.N.Y. Aug. 11, 2020) ("*Contempt II*"); *Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19-CV-3351, 2021 WL 3862054 (S.D.N.Y. Aug. 30, 2021) ("*Contempt III*") (adopting in part the R&R at Dkt. 272); *Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19-CV-3351, Dkt. 349 (S.D.N.Y. June 10, 2022) ("*Contempt IV*") (adopting in full the R&R at Dkt. 343);

WHEREAS on November 1, 2022, in response to Plaintiff's motion for default based on Defendants' failure to comply with the *Contempt IV* Order, the Court entered a default judgment against Defendants U-Bio Med, Inc. and Nyun Shi Eum a/k/a Nyeon-Skik Eum, Dkts. 381, 382;

WHEREAS on November 2, 2022, the Court made permanent the portions of the MPI operative against Defendants U-Bio Med, Inc. and Nyun Shi Eum a/k/a/ Nyeon-Skik Eum, Dkt. 384;

WHEREAS on November 2, 2022, the Court referred to Magistrate Judge Lehrburger (1) the determination of damages and any other sanctions against Defendants following the entry of default judgment and (2) Plaintiff's request to modify the permanent injunction, Dkt. 383;

WHEREAS on January 13, 2023, Plaintiff moved for an award of attorneys' fees, Dkt. 407;

WHEREAS on January 17, 2023, the Court expanded the order of reference to Judge Lehrburger to include Plaintiff's motion for attorneys' fees, Dkt. 412;

WHEREAS on February 17, 2023, Judge Lehrburger entered an R&R, recommending denying Plaintiff's request to issue a bench warrant for Defendant Eum's arrest, denying Plaintiff's request to modify the permanent injunction, and awarding Plaintiff (1) $5,871,316 in compensatory damages for breach of contract, (2) $3,000,000 in statutory damages for trademark counterfeiting, (3) $500,001 in nominal and punitive damages for defamation, (4) $678,349.21 in attorneys' fees, and (5) $38,714.51 in costs, R&R, Dkt. 419 at 1–2, 43;

WHEREAS the R&R also recommended that Defendants be required to pay $7,281,000 in coercive sanctions to the Clerk of Court pursuant to this Court's prior contempt orders, *id*. at 1;

WHEREAS in the R&R, Judge Lehrburger notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 62;

WHEREAS Judge Lehrburger further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.* at 63 (using bold font);

WHEREAS no party objected to the R&R;

3

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the excellent R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is adopted in full.  For the reasons stated in the R&R, Plaintiff is awarded a judgment against Defendants of: (1) $5,871,316 in compensatory damages for breach of contract, (2) $3,000,000 in statutory damages for trademark counterfeiting, (3) $500,001 in nominal and punitive damages for defamation, (4) $678,349.21 in attorneys' fees, and (5) $38,714.51 in costs.

IT IS FURTHER ORDERED that judgment be entered against Defendants requiring them to pay $7,281,000 in monetary coercive sanctions to the Clerk of Court.

IT IS FURTHER ORDERED that Plaintiff's requests to modify the permanent injunction and for the issuance of a warrant for Defendant Eum's arrest are DENIED.

IT IS FURTHER ORDERED that, because the R&R gave the parties adequate warning, *see* R&R at 62–63, the failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where

parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.[2]

      IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motions at docket entries 402 and 407 and to CLOSE the case.

**SO ORDERED.**

**Date:  March 21, 2023**
**New York, New York**

                                            **VALERIE CAPRONI**
                                            **United States District Judge**

---

[2] Although the Court presumes that no Defendant would qualify to proceed *in forma pauperis* for purposes of an appeal, the Court is cognizant that Defendants have contended that they cannot pay any portion of the compensatory or coercive sanctions imposed against them, so a motion to proceed *in forma pauperis* is a theoretic possibility.